IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAPITOL INDEMNITY CORP., Plaintiff, | ) | |
| v. | ) | No. 04-1478c (Judge Firestone) |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Admits the allegations contained in paragraph 4 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 4.

5. The allegations contained in the first sentence of paragraph 5 are legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 5; avers that the plaintiff's exhibits 2A

and 2B are not true and correct copies of the bonds because they are unsigned.

6. Denies the allegations contained in the first sentence of paragraph 6 up to and including the clause identified as part A for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations in the second sentence of paragraph 6, identified as part B, for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the third sentence of paragraph 6, identified as part C, that the payment bond and the performance bond included the language starting with "Modifications to this bond...."; denies the allegation that the United States received notification from CIC of an escrow arrangement; the remainder of the allegations contained in the third sentence of paragraph 6 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law and plaintiff's characterization of its suit to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8A.[1] Admits the allegations contained the first sentence of paragraph 8 as to the submission and receipt of R&T's first payment application and progress report; admits the remainder of the allegations contained in the first sentence of paragraph 8 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 8. Admits the allegations contained in the second sentence of paragraph 8, including subparts A1 and A2, as to the contents of the progress report to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations as to the contents of the progress report; the remainder of the allegations contained in the second sentence are conclusions of law and plaintiff's characterization of its suit to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 8A, identified as 8A2(a) and 8A2(b), that the United States authorized a $28,460 payment to R&T and that this payment was made to R&T; the remainder of the allegations contained in the

[1] For clarity, defendant's responses to the allegations of paragraph 8 of the complaint are divided into separate paragraphs containing the responses to parts A, B, and C of paragraph 8. The response to the first clause of the first sentence of paragraph 8, which precedes part A is included in the response identified as 8A.

third sentence of paragraph 8 part A are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8B. Denies the allegation contained in the first sentence of paragraph 8 part B regarding when the United States received R&T's second payment application and progress report; admits the allegation contained in the first sentence of paragraph 8 part B that the United States received R&T's second payment application and progress report; admits the remainder of the allegations contained in the first sentence of paragraph 8 part B to the extent supported by the progress report cited, which is the best evidence of its contents; otherwise denies the allegations regarding the contents of the progress report. Admits the allegations contained in the second sentence of paragraph 8 part B, including subparts 1, 2, and 3, as to the contents of the progress report to the extent supported by the progress report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 8 part B as to the contents of the report; the remainder of the allegations contained in the second sentence of paragraph 8 part B are conclusions of law and plaintiff's characterization of its suit, to which no response is required; to the extent they are deemed allegations of fact, they are

denied. Admits the allegations contained in the third sentence of paragraph 8 part B that the United States authorized a $274,764 payment to R&T and that this payment was made to R&T; the remainder of the allegations contained in the third sentence of paragraph 8 part B are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8C. Denies the allegation contained in the first sentence of paragraph 8 part C as to when the United States received R&T's third payment application and progress report; admits the allegation contained in the first sentence of paragraph 8 part C that the United States received R&T's second payment application and progress report; admits the remainder of the allegations contained in the first sentence of paragraph 8 part C to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 8 part C. Admits the allegations contained in the second sentence of paragraph 8, part C, identified as 8C1, 8C2, 8C3, and the portion of 8C4 ending with the word "unsatisfactory," as to the contents of the progress report to the extent supported by the progress report cited, which is the best evidence of its contents; otherwise denies the allegations regarding the contents of the progress

report; the remainder of the allegations of the second sentence of paragraph 8 part C are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 8 part C, identified as 8C4(a) and 8C4(b), that the United States authorized a payment of $38,942 to R&T and that this payment was sent to R&T; the remainder of the allegations contained in the third sentence of paragraph 8 part C are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in the first sentence of paragraph 9 that the first three progress payments totaled $342,166.00; denies the remainder of the allegations contained in the first sentence of paragraph 9. Admits the allegations contained in the second sentence of paragraph 9 that, after the first three payments, the United States made remaining payments to Northern Escrow; the remainder of the allegations contained in the second sentence of paragraph 9 constitute conclusions of law to which no response is required; to the extent it is deemed an allegation of fact, it is denied. Admits the allegations contained in the third sentence of paragraph 9 to the extent supported by the document cited, which is the best evidence of

its contents, otherwise denies the allegations contained in the third sentence of paragraph 9.

10. Denies the allegations contained in paragraph 10 for lack of knowledge and information sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations of paragraph 11.

12. Defendant's responses to the paragraphs 1-11 of the complaint are incorporated by reference.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its suit to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its suit to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 14, or to any relief whatsoever.

16. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests that the Court enter judgment for defendant, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/James M. Kinsella
JAMES M. KINSELLA
Deputy Director

S/Cristina C. Ashworth
CRISTINA C. ASHWORTH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 307-0361
Fax: (202) 514-7965

Attorneys for Defendant

OF COUNSEL:

HELEN HENNINGSEN
Department of Veterans Affairs
5000 W. National Ave.
Milwaukee, WI 53295

December 21, 2004

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify under penalty of perjury that on this 21st day of December, 2004, I caused to be served by United States mail (first class mail, postage prepaid) a copy of "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES" addressed as follows:

Irwin L. Kass
Boardman, Suhr, Curry & Field, LLP
One S. Pinckney St., 4th floor
P.O. Box 927
Madison, WI 53701-0927

______________________________