IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAPITOL INDEMNITY CORP.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1478<br>(Judge Firestone)<br>(ADR Judge Miller) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims,("RCFC") the parties respectfully submit the following joint preliminary status report.

A. Jurisdiction:

The plaintiff states that the Court has jurisdiction pursuant to the doctrine of equitable subrogation. Defendant cannot state at this time whether the complaint states a claim within that jurisdiction.

B. Consolidation:

At present, counsel are aware of two cases pending in the Court of Federal Claims that address an undecided legal issue in this case: whether this Court possesses jurisdiction over a surety bringing an equitable subrogation claim on solely a payment bond: Gulf Insurance Co. v. United States, 04-626C (Smith, J.) and Mountbatten Surety Co. v. United States, 02-1228 (Smith, J.). The parties do not believe, at this time, that this

case should be consolidated with those two cases.

C. Bifurcation:

The parties do not believe that bifurcation of liability and damages is appropriate.

D. Deferral:

The parties are aware of two related cases noted in response to item B. However, the parties agree that this case should not be deferred pending resolution of those two cases.

E. Remand/Suspension:

Neither party seeks remand or suspension.

F. Joinder:

Neither party intends to join additional parties at this time.

G. Dispositive Motions:

The parties anticipate that, during or after the conclusion of discovery in this case, they may file cross motions for summary judgment pursuant to RCFC 56.

H. Relevant Issues:

Based upon a preliminary review of the case, the plaintiff believes that the following relevant issues appear in this case:

(1) Whether the surety can recover its loss under principles of equitable subrogation if there was improper disbursement of contract funds by the United States?

The Government believes that the following relevant issues appear in this case:

(1) Whether this Court possesses jurisdiction to entertain a claim of a surety who did not execute a takeover agreement nor financed completion of the contract, or alternatively, whether the complaint fails to state a claim upon which relief can be granted.

(2) Whether, assuming the Court has jurisdiction, CIC provided notice to the Government sufficient to trigger the Government's equitable duty towards the surety prior to the disbursement of the contested progress payments.

(3) Whether, assuming the Court has jurisdiction, the contracting officer abused his discretion in making payments to R&T.

I. Settlement:

During or after discovery, the parties will be in a better position to further evaluate the likelihood of settlement. The Government does not believe that mediation or settlement is appropriate at this time in light of the jurisdictional issue.

J. Trial

The parties anticipate the possibility of filing motions for summary judgment during or after discovery. If such dispositive motions are not filed or are not completely dispositive of this

action, the parties anticipate proceeding to trial. Neither party requests expedited trial scheduling. The requested place of trial is Milwaukee, Wisconsin.

K. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

L. Additional Information

The parties have no additional information of which the Court should be aware at this time.

M. Proposed Schedule:

| | |
|---|---|
| Initial Disclosures: | March 28, 2005 |
| Disclosure of Expert Reports: | September 1, 2005 |
| End of Discovery: | November 14, 2005 |
| Deadline to File Motion for Summary Judgment: | November 14, 2005 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/James M. Kinsella
JAMES M. KINSELLA
Deputy Director

S/Irwin L. Kass
IRWIN L. KASS
Boardman Law Firm
Fourth Floor

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch

1 S. Pinkney St.
P.O. Box 927
Madison, WI 53701-0927

Attorney for Plaintiff

Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 514-8624

Attorneys for Defendant

February 10, 2005

CERTIFICATE OF FILING

I hereby certify that on this 10th day of February, 2005 a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Tara K. Hogan